```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

NED J. LANGONE,                )
        Plaintiff,             )
                               )
     v.                        )   CIVIL ACTION NO.
                               )   03-12648-WGY
                               )
                               )
CATHERINE SABAITIS,            )
et al.,                        )
        Defendants.            )
```

## MEMORANDUM AND ORDER OF DISMISSAL

For the reasons stated below, plaintiff's complaint will be dismissed in thirty-five (35) days from the date of this Order, unless plaintiff shows good cause, in writing, before that time as to why this case should not be dismissed.

### ALLEGED FACTS

On December 23, 2003, plaintiff Ned J. Langone filed a pro se complaint asserting claims against three defendants, including a Massachusetts probate judge. Plaintiff's complaint is vague and somewhat confused. He appears to allege improprieties regarding his divorce proceedings in the Massachusetts Probate Court for Plymouth County, which began in 1990. Specifically, he appears to allege improper issuance of a restraining order by the probate court. The complaint purports to assert various federal and state constitutional claims against the judge, the Commonwealth of Massachusetts

and the Massachusetts Probate Court for Plymouth County.[1] Plaintiff demands damages in the amount of $40,000,000.00.

## ANALYSIS

I. Plaintiff's Claims Are Subject To Preliminary Screening Pursuant To 28 U.S.C. § 1915

Plaintiff has sought permission to proceed in this action without prepayment of the filing fee. His complaint, therefore, is subject to the screening provisions of 28 U.S.C. § 1915. See 28 U.S.C. § 1915 (proceedings in forma pauperis). Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). In forma pauperis complaints may be dismissed sua sponte and without notice under Section 1915 if the claim is based on an indisputably

---

[1] Plaintiff's allegations primarily relate to his dissatisfaction with proceedings in the Massachusetts Probate Court for Plymouth County. Although plaintiff's complaint merely lists "Plymouth County" as a defendant, his allegations suggest that plaintiff intended to name the Massachusetts Probate Court for Plymouth County as a defendant. The Court notes, however, that even if plaintiff actually intended to file a claim against Plymouth County, plaintiff has failed to allege an unconstitutional custom, policy or practice by the county, as is required in order to state a claim for violation of his constitutional rights. See Monell v. Dept. of Soc. Servs., 436 U.S. 658 (1978) (42 U.S.C. § 1983 plaintiff must allege political subdivision of a state had an unconstitutional custom, practice or policy).

meritless legal theory or clearly baseless factual allegations. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

## II. Plaintiff's Claims Against Judge Sabaitis Are Subject To Dismissal

Although the Court is mindful that pro se complaints must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), plaintiff's claims against Massachusetts Probate Court Judge Catherine Sabaitis will nevertheless be dismissed because they lack any arguable legal or factual basis. It has long been established that judges cannot be held liable for damages in civil actions for their judicial acts. Stump v. Sparkman, 435 U.S. 349, 355-357 (1978); Cok v. Cosentino, 876 F.2d 1, 2-3 (1st Cir. 1989). In this case, plaintiff complains solely of acts allegedly committed by Judge Sabaitis in her capacity as a judge. Accordingly, she is absolutely immune from suit for damages for those acts, and plaintiff's claims against her will be dismissed.

Plaintiff's claims against Judge Sabaitis will also be dismissed pursuant to 28 U.S.C. § 1915(e)(2) for the additional reason that plaintiff seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(iii).

III. Plaintiff's Claims Against The Commonwealth of Massachusetts and the Plymouth Division of the <u>Massachusetts Probate Court Are Subject To Dismissal</u>

Plaintiff's claims against the Commonwealth of Massachusetts and the Massachusetts Probate Court for Plymouth County are also subject to dismissal based on the application of the Eleventh Amendment to the United States Constitution. The Eleventh Amendment is generally recognized as a bar to suits against a State, its departments and agencies unless the State has consented to suit. <u>Alabama v. Pugh</u>, 438 U.S. 781, 781 (1978) (per curiam). Unless a State has "waived its Eleventh Amendment immunity or Congress has overridden it, ... a State cannot be sued directly in its own name regardless of the relief sought." <u>Kentucky v. Graham</u>, 473 U.S. 159, 167 n. 14 (1985) (citing <u>Pugh</u>). In this case, it does not appear that the Commonwealth's Eleventh Amendment immunity has been waived or overridden by Congress. Accordingly, plaintiff's claims must be dismissed.

IV. Plaintiff's Claims Will Be Dismissed Because This Court <u>Lacks Jurisdiction To Review State Court Decisions</u>

Finally, to the extent that plaintiff seeks review of state court proceedings, this Court cannot entertain such claims. Lower federal courts lack subject matter jurisdiction to review claims which have already been litigated in state

4

court proceedings and may not review the civil judgments of state courts.  See Hill v. Town of Conway, 193 F.3d 33, 39 (1st Cir. 1999); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-486 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923).

## CONCLUSION

ACCORDINGLY, plaintiff's complaint will be dismissed in thirty-five (35) days from the date of this Order as lacking any arguable factual or legal merit, unless plaintiff shows good cause before that time why it should not be dismissed.
SO ORDERED.
Dated at Boston, Massachusetts, this 8th day of January, 2004.

 s/ William G. Young
UNITED STATES DISTRICT JUDGE
