United States District Court
District of Massachusetts

Ned J Langone
Plainiff

Civil Action
RECEIVED
DEC 23 2003
NO _____

Referred to MJ RA Collings

Defendants
1) Cathrine Sabaitis; being the Tittle of Chief Justice of the County of Plymouth Probate Court
2) Plymouth County; within the State of Massachusetts
3) Commonwealth of Massachusetts

## Parties

Plainiff Ned J Langone is a resident of the City of Weymouth, Massachusetts and is a citizen of the United States

## Defendants

All of the above listed (1-3) defendants are placed within the Jurisdiction of Massachusetts and are professionly and personaly citizens of the United States

## Jurisdiction

That this court; United States court; within the District of Massachusetts; has the Jurisdiction to this matter
1) Constitutional factor in Question
2) Constitutional law of the United States

<u>FACT</u>

Within the year 1993, I was residing in the state of New Hampshire, with my parents. This probate matter was already started in Massachusetts, I believe in 1990. It originated by my now exwife. As of 1993, I obtained an attorney for it. During the course of it, it had it's ups and downs. It became idled. Around 1991, or so, prior to 1993, I had no attorney, as I could not afford one. He dismissed himself. He now, as of 1995, became a Justice at the same court. Plymouth probate ct. The same as the given Judge. That is the name defendant upon this complaint. Anyways. I am a recovering alcoholic, in 1990-1993. Also, I was attempting to maintain my sobriety then, as I am now. I have a number of years sober at this writing. While this divorce was within idle status. Around 1993, I then moved up to NH. As I stated, with my parents. Somehow, while up here in NH, my sister and I begone to talk about me starting to work on my divorce again. I said to here, I don't know what to do. To do it, She suggested that through here work. Some attorney she worked for as a paralegal. She could help me. I agreed, to let her. I put faith into her. As her being my trusted sister. Her position. Her sole knowledge of such an issue. Contact begun. My exwife lawyer and sister first, then the court. Only my sign papers. I did not, in respect. Receive any court documentation. I do not hold any of those in regards to the proceedings process, of the hearing date verbal contacts between the Judge, Exwife's attorney. I was not present. Only my signed papers within my exwife's attorney's hand. For the Judge to view. What realy happen or said I have no knowledge of such. Then one day I recieve this order. Restraining order, 208 17. Probate restraining order. Handed to me at my parents door, by a town police officer, it held no violence standings, only not to infringe upon my exwifes liberty. To further order of the court. Status it held. Forever. As of 2002 it's been vacated. I had it done, there are verification today. I have documented proof, that this order should have not been produced. By the given defendant. Justice Cathrine Sabaitis. There are two instruments upon

Facts 2

me. Holding the same meaning of restraint. Except one could cause me to be placed in criminal violation, that one has caused such. That's one of my present complaints with this Massachusetts District Court. I have on file another from this same matter. Docket numbers 03-11340 and docket number 03-11472. This makes it two. My sister worked out of her attorney's office. In 1993, accepted by my exwife to do so on my behalf. And also Justice Cathrine Sabaitis. Of Plymouth probate court, that honored my sister as my representative. She's not an attorney, paralegal holdings. Only, for an attorney. She cannot practice law. I believe, True. Fact. The court took her at that position. Also my exwife attorney. That's were my 6th amendment falls into place. And the 5th. Due Process. I truley believe this. That this is a subject of injustice. I got arrested for a seperate charge. In 2001. That is the complaint with US District Ct (docket 03-11340) (docket 03-11472) as of this writing. That charge was relative to the restaining order. I was charged with that. It. That became from this probate restraining order. Which should of not been; but became. I defended myself from that charge. And it become dismissed. As I held proof. That it didnot validate an order of such. On that charge. I learnt to protect myself. As the law permits me to. Or should I say. As it should permit me to. I state this without prejudice toward this court.

## Allegations

Pursuant;

**IV**[th] **amendment** violation within a civil action; upon a Probate concern; toward the Plaintiff's personal liberties and life; by the means of defendant; Cathrine Sabaitis, chief Justice of Plymouth Probate Court placing upon Plaintiff. Unlawful instrument of restraint. Upon the Plaintiff to exercise his personal liberty. The seizure of Plaintiff's personal liberty and life. Allegation applies to the Judicial process of Government of United States within the Constitution of United States.

**V**[th] **amendment**

1) Unlawful; wrongful instrument of restraint upon Plaintiff; by defendant chief Justice Cathrine Sabaitis; causing Plaintiff not to rightly exercise his liberty and life within due process of the law

2) Unlawful instrument of restraint of Plaintiff's personal liberty and life; subjected upon plaintiff within two means; two forms; for the same means of personal restraint towards Plaintiff. One means Jeopardizing Plaintiff within a physical means. The secondary direction. The Probate action by the relative party within possible civil action. Double Jeopardy. Outside of Due process of law 5th amendment of U.S. 14th amendment. State of Massachusetts Constitution.

3) Unlawful Instrument of restraint causing plaintiff to exercise; defending himself against a criminal action caused by the unlawful; wrongful Instrument of restraint by defendant Cathrine Sabaitis; chief Justice of Plymouth County Probate court. within two seperate matters.

Allegation Cont: Pt. 2

V th Amendment Cont:

4) Due process violation within this 5th amendment upon fairness within Judicial Proceedings.

(A) Not rightly notified by Probate Court; through the means of correspondence or otherwise of process of probate matter of concern. updates; etc.

(B) Chief Justice Cathrine Sabaitis not allowing and protecting my constitutional rights throughout the process of this probate Judicial matter. Due process violation; within the Judicial part of Government of United States.

State of Massachusetts Constitution

14th amendment- violation of the constitution of the State of Massachusetts.

1) Due process violations within the process of this probate Judicial matter. Applies to the 5th amendment of the United States Constitution within the Judicial part of Government.

Allegations cont. pg 3

VI th amendment violation within a civil matter;

1) Probate Judicial proceedings; To have the Plaintiff or lawfuly allow the plainiff to be present throughout the process of the concern matter of probate matter; and allowing plainiff his right to confront his accuser within his protection and priviledge to do so; that is, that is within the constitution within all Judicial proceedings of the United States Judicial part of Government.

2) Defendant; Chief Justice Cathrine Sabaitis; accepting and allowing inproper representation of plainiff in these probate Judicial proceedings. unlawful representation of plainiff during the course of the probate matter; that caused plainiff his protection of his quaraneed rights through the constitution by means of Judicial part of Government

# Massachusetts Constitutional Allegations Pt 4

**XII Article Violation -**
Plaintiff rights and priviledges denied by the defendant Cathrine Sabaitis toward the plaintiff's not being rightly allowed to be present at the civil action procedings for his concerns/protection and rights toward his defence for himself.

**XXVI Article Violation**
Wrongful instrument of restraint that was allowed and placed upon the plaintiff by the defendant Cathrine Sabaitis that had caused plaintiff hardship and suffering.

# Relief

1) The Plainiff demands from the defendant Cathrine Sabaitis, Chief Justice of Plymouth County Probate Court; within the County of Plymouth and the city of Plymouth, Massachusetts $10,000,000 toward her unjustifiable actions toward the Plaintiff's liberties and life without due purpose of doing so. Severe and malicious judicial actions upon the Plaintiff's protected Constitutional rights; within the course of the defendants duties, within the defendants position.

2) The Plainiff demands from the Commonwealth of Massachusetts $20,000,000. for being a name defendant as being a responsible part for the actions of a defendant within a Judicial system part of Government within the State of Massachusetts

3) Plainiff demands from the County of Plymouth. As being a responsible party; for the actions of a defendant within a Judicial system of Government, within the County of Plymouth. Within the State of Massachusetts the sum of 10,000,000

Relief Cont, Pg 2
---

Wherefore, the Plaintiff demands the judgement against the defendants for damages and such other relief as this court deem just

Wherefore, the Plaintiff request to this court; United States District Court, District of Massachusetts. That this matter be held by trial by Jury

12-17-03    Ned J. Langone
            69 Front Street
            Weymouth, Mass
              02188