# United States District Court
## District of Massachusetts

COPY

Civil Action
NO 03-12648-WGY

## Motion to Proceed
### Upon Civil Action

**Plainiff**
Ned J Langone

**Defendant**
1) Kathrine Sabaitis
2) Plymouth County as Plymouth Probate Court

### Now Comes

The Plainiff <u>Ned J Langone</u> request to this court; that based upon the facts within the complaint of this civil action. Having showing confussion by the given facts within the complaint filed December 23, 2003 to this court, Confussion of the facts within the complaint causing this court to exucute a dismissal order toward the means of complaint; the plainiff prays to this court, to allow the plainiff of this civil action to clearify the means of complaint; by way of the context within this motion. To show cause to this court to continue process of this civil action of the plainiff toward the defendants of this civil action.

Very truly yours

1/23/04   Ned J Langone

Pro-SE

Now comes

In the matter of the 208.18 restraining order that was issued on January 6th 1993 upon the plaintiff of this civil action by the defendant of this civil action. The 208.18 order; protective order; was wrongly put upon the plaintiff of this civil action. The issue of the 208.18 order was placed upon the plaintiff of this civil action outside of the divorce proceeding, within a hidden means. This order was not part of the divorce matter on January 6th 1993. Hearing, that was heard by the defendant of this civil action. Nor. was there any documentation of this order held within the court papers within the matter of this divorce on the history involving this 208.18. order. The 208.18 held it's own seperate means and purpose outside of the divorce matter. This then making the 208.18 order unrelative to the divorce; between the husband and wife. It has to be connected to the divorce in some way to be effective. It wasn't. The only connected nature it had with the divorce matter is it was made on the date of a certain divorce concern; between the husband and wife. That being the issue of a diffrent matter. Not this 208.18. This 208.18 was not aware to me, I was aware of the main issues of this given hearing. I was not present at this hearing ither. The defendant of this civil action knew this to be. That the main issues to be heard on this date's hearing were agreed upon both of the parties prior to said hearing. This hearing was to placed these agreed concerns into effect by her placement of order by her. To be so. At this hearing. She, the defendant took this 208.18 order. Again, without my knowledge. Placed it within order of this hearings other issues. This again being the hearing of January 6th 1993. This is why. Of all of the above. I filed this civil action complaint. Upon

(2)

the defendant, Cathrine Sabaitis. That I, the plaintiffs XIVth amendment - Due process rights within a Judicial proceeding have been violated. That the purpose of a 208.18. Being a instrument of restraint upon personel liberties. This then becoming a violation on my IV amendment rights. By way of the placement of the 208.18 order upon me. By the way it was produced. Plaintiff not being aware of it's making. And it being hidden outside of the divorce matter, with a diffrent docket number other then the issues of concern; during the concern of the hearing of Jan 6th 1993. The defendant misused her judgement outside of her performance and obligation. The plaintiff rights within a Judicial proceeding being not afforded to him. By way of Due process. A U.S. Constitutional priviledge and right; during such proceedings. Also. This 208.18 protective order is only effective; when applied rightly. Lawfuly. Effective only during the course of a pending divorce. It becomes within vacate status when divorce becomes finale. On that given judgement date. It also is directed on only one of the spouses of a pending divorce. Only. By statued of a 208.18. Within Massachusetts. Both of the parties had one upon the other. Ordered by the defendant Cathrine Sabaitis. This is outside of the law. Again. It only applies to one of the spouses having such a order upon them. Again. Such a order of a 208.18 lasting only during a pending divorce. My 208.18 exceeded it's duration period. Mine. The plaintff of this civil action. Lasting nine years. This being; because the defendant took it upon herself. Making the 208.18 as a permanent order. By statue of such order. This was not permited. There are other restraining orders that could have applied to be permanent. Not a 208.18. During the course

of the Plaintiff having this 208.18 for the nine years; with fulescale effectiviness towards it upon me. It was used upon me within two seperate criminal proceedings. A number of years ago it was brought up within a bail reduction hearing. This being; caused the Plaintiff to become incarcerated due to the orders standings as a permanent order. within a domestic Matter. A 209A Matter. This 208.18 permanent order showing me as a high risk of a possible chance of causing harm to the victim of the 209A offence. So the ADA in this case showed cause to the Judge to cause said Judge to place very high bail upon me. If this 208.18 was not upon me. I would have been released on a personal. As the victim of this new case had moved out of state. One hundred miles away. within New Hampshire. The Plaintiff of this civil action residing in the Quincy Massachusetts area. So. Again. It caused me my freedom. Another case. Being a arrest matter. This 208.18 order being used as a violation charge. As I believe is stated within this civil action complaint. Both incidents I believe are stated within this complaint. It's been used against me also on another domestic issue I had with a sibling a couple of years ago. Directed upon my charecter. On that sibling attemps to obtain a permanent 209A order against me. I now pray to this court. Upon submitting of this motion. It's clarification of complaint; due to it's confussion

to this Court, U.S District Court, District of Massachusetts, that it had shown during this complaints primarily screening period. Filed on December 23, 2003. Based upon this motions clarification to find cause to go forward with this civil action complaint toward named defendants of said complaint, Plaintiff prays to this court; based upon this motion now producing legal merit; that defendants XI th amendments protection becomes invalid within Judicial immunity; based upon the harms done upon plaintiffs civil and constitutional rights and privileges that are, so guaranteed to him and to his peers, I plead to this court upon this.

Sincerly yours

1/26/04    Ned J Langone

(4A)

## No Comes

In the year 2002. I submitted to probate court; a petion to vacate said 208.18 order. At this time of sumitting petion I did not have the knowledge that I have now on the standings that said order exculpy. My argument for the order to become vacated, were that the order was being used wrongly against me as a purpose of other means, on this hearing date to request order to become vacated, the Court showed no argument towards my pursuit to have it vacated, IT was so granted. Being without any legal challenge by the Court. As it showed to the court. That order presently was invalad. Based upon it's duration period ending years ago. As of it's true invaladation being 1993, when my divorce becoming finale. That's when the 208.18 becomes finale. They too, knew it should of not been lived so long, as it had. A 208.18 is very similar to a tempary type restraing order. In a sence. Once a divorce become's finale. If the spouse that was granted a 208.18 within a divorce proceeding feels that she or he needs contived restraing order protection. That party must seek such order by means of a upgraded type of order. Such as a 208.34B order through probate. Or a 209A. Through a criminal court means. 1/26/04 Ned J Langone