U.S.D.C - Massachusetts                April 10, 2006
Boston, Massachusetts         B. COLLINGS
                              ATE JUDGE
                              MAY __ 2006                WGY
                              TED STATES DISTRICT COU            03-12648
                                                                  CIVIL

1 Page                        Ref: Dismissed case - 03cv-17468

Ref: 208.17 order

The parties executed divorce stipulation agreement and property settlement agreement documentation of 1992 shows within it. That the parties did not impose upon either one a 208.17 restraining order. Nor, did both parties agree to requesting a 208.17 restraining order to be a part of the divorce agreement. These signed documents and parties agreed everything was done prior to the January 1993 making, by the Justice of Plymouth Probate Court, Justice Cathrine Sabaitis, neither party on paper requested such 208.17 order of a Probate Court. It was not within the stipulation of the parties as is. Therefore it was never held power. No good. It has to be part of the agreed stipulation to be active. The 208.17 was not connected to the divorce matter of the parties. It was separate from said divorce matter. Only a 209 type could be made that way. This Justice should have known. I was put in jail; because of it. 1996.

                              Plaintiff — Fred A Fangone
                                          4-10-06

cc: Langone

April 10, 2006

U.S. District Court
of Massachusetts

2 Pages                                    Ref: Dismissed — civil matter 03 CV-12468

Ref: To Dismissed civil matter 1:03-CV-12468 Langone vs Sabaitis et al that was filed within this court on 12/23/03.

The Justice of Plymouth Probate Court through the State of Massachusetts Attorney General's Office stated within here documented argument for dismissal of this civil suit that I was present within the divorce presiding on the date that the 208 restraining order; that was placed upon me was ordered. This date January 6, 1993. As these copies of an letter to my Ex-wife Attorney Leonard M. Bello. Also including Affidavit of stating that I would not be present on the hearing of January 6, 1993 Justice Sabaitis should of known this; as all papers being filed being within and upon her bench at all times of the concerns of this divorce matter. This letter and affidavit were filed within Plymouth Probate Court; by my sister Leanne Nudd as stated within the enclosed letter that was forward to my ex-wife's Attorney. Around letter date

(1)

USDC - Massachusetts  April 10, 2006

Dismissed - 03-cv-12468

(2)

and affidavit; bring and showing Dec 31, 1992. She knew (Sabaitis) that I was not going to be present on the restraining order issued date of January 6, 1993. This again, order, 208.17 being placed without my knowledge of being considered or requested by the court, my wife etc. I know why it was ordered, my wife had the same order placed upon her. This order showed upon it that both parties agreed to it. I didn't. I never seen application form for said restraining order. Never sign such a form for said agreed order. 208.17 order. It was never brought up between me and my ex-wife. I was living in N.H at this time period. I ~~stayed~~ remained within N.H at this time period of divorce matter. Everything was done by mail. To ex-wife's Attorney and Plymouth Probate Court. Divorce M.S. agreement not indicating a 208.17 order either within it. I was not a issue between parties, 208.17

April 10, 2006          Ned A Langone

                        Ned J Langone

CC/ Langone

U.S.D.C Massachusetts                April 10, 2006

Page 1 of 1

Ref: Dismissed 03-CV.12468
Ref: TO

The affidavit stating upon it that it would take my place instead of me appearing at the January 6, 1993 hearing that 208.17 restraining order was ordered and placed upon me, where recieved same type order upon her. Again as both parties agreed to it. I did not do so. Agree. To such instrument.

Letter stating upon it — Letter and the affidavit were filed within Plymouth Probate Court as shown on the letter that I inclosed. Filing date unknown to me — Had to be prior to hearing date of January 6, 1993. These letter and copy of the affidavit were given to me by my sister Leanne Nudd within this matters time period of 1992-93. Prior to filing said documents within Plymouth Probate Court, Plymouth, Massachusetts

Ned J Langone

— This Court having copy of  4/10/06
208.17 already in hand as of 2004.
CC: Langone

# WORK & DiPADOVA
### ATTORNEYS AT LAW
P. O. Box 627
NEWPORT, NEW HAMPSHIRE 03773-0627

MICHAEL J. WORK
ANTHONY F. DiPADOVA, JR.

7A MAIN STREET
603-863-3337

December 31, 1992

Leonard M. Bello, Esq.
Bello & Bello
184 Main Street
Wareham, Massachusetts 02571

    Re: Randi S. Miller v. Ned J. Langone

Dear Attorney Bello:

    Enclosed please find a copy of the letter and Affidavit that I filed with the Plymouth County Probate Court with respect to the above-captioned matter. It is my understanding that this Affidavit will take the place of Mr. Langone's appearance. I would appreciate it, if you would have your client mail Mr. Langone's belongings to either his address or to my office as soon as possible.

    If you have any questions or concerns, please do not hesitate to contact me. Thank you for your prompt attention to this matter.

                                    Sincerely,

                                    Leann Nudd
                                    Paralegal to
                                    Anthony F. DiPadova, Jr.

LFN/
enclosures

STATE OF NEW HAMPSHIRE
SULLIVAN, SS.

### AFFIDAVIT OF
### NED J. LANGONE

I, Ned J. Langone of Newbury, New Hampshire, being duly sworn by the undersigned Justice of the Peace/Notary Public do hereby freely and voluntarily depose and say as follows:

1. I am a resident of another state and am unable to attend the hearing scheduled for January 6, 1993.

2. I have been a resident of New Hampshire since August, 1992.

3. I have executed a Stipulation of the Parties on November 27, 1992.

4. I have executed the Property Settlement Agreement on November 27, 1992.

5. This matter is uncontested.

_____          _____
Date                          Signature


STATE OF NEW HAMPSHIRE
COUNTY OF SULLIVAN, SS.                          December 30, 1992

Personally appeared the above-named Ned J. Langone and took oath to the truth of the foregoing statements by him subscribed.

Before me,

_____
Justice of the Peace
Notary Public

Leona F. Nudd Notary Public
My Commission Expires Dec. 6, 1994